Carol WINPENNY, on behalf of
herself, etc., Appellant,

v.

William KROTOW, Individually and as
Chairman of the Middletown Township
Sewer Authority, Robert Van Winkle,
Individually and as Vice-Chairman of
the Middletown Township Sewer Au-
thority, Robert Jones, Individually and
as Treasurer of the Middletown Town-
ship Sewer Authority, William Campbell,
Individually and as Secretary of the
Middletown Township Sewer Authority,
Robert Brown, Individually and as mem-
ber of the Middletown Township Sewer
Authority, the Middletown Township,
Delaware County Sewer Authority and
Township of Middletown.

No. 77-1869.

United States Court of Appeals,
Third Circuit.

Argued Feb. 17, 1978.

Decided March 27, 1978.

David A. Scholl, Community Legal Serv-
ices, Inc., Philadelphia, Pa., for appellant.

Robert B. Surrick, Levy & Surrick, Ches-
ter, Pa., Townsend, Elliott & Munson, Phil-
adelphia, Pa., for appellees.

Before GIBBONS and HUNTER, Circuit
Judges, and STAPLETON,* District Judge.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Carol Winpenny, the owner of a home in
Middletown, Pennsylvania, appeals from an
order dismissing her complaint against the
Middletown Township Sewer Authority
without the convening of a three-judge dis-
trict court. She alleges that the Sewer
Authority connected its line to her home in
1970 without her consent, that the sewer
has not functioned properly, that she made
numerous complaints about its malfunction-
ing, and that she has refused to pay sewer
rents. Pursuant to the Pennsylvania Mu-
nicipal Claims and Tax Liens Act, Pa.Stat.
Ann. tit. 53, § 7101 et seq., the Sewer
Authority filed a municipal lien against her
property for $389, the amount of the unpaid
charges. Her complaint seeks a class action
determination, a declaration that the lien is
void and of no effect, and an injunction
against the future filing of such liens, on
the ground that the Municipal Claims and
Tax Liens Act is unconstitutional. Since
the complaint was filed in 1975, 28 U.S.C.
§ 2281, now repealed, then applied, and the
convening of a three-judge court was re-

* Honorable Walter K. Stapleton, United States District Judge for the District of Delaware,
sitting by designation.

quired unless her claim was clearly foreclosed by prior decisions of the Supreme Court.

█ Winpenny's objection to the Act is that it permits a municipality to create a lien by filing a claim without a pre-filing hearing. In *Sager v. Burgess*, 350 F.Supp. 1310 (E.D.Pa.1972), *summarily aff'd*, 411 U.S. 941, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973), the same contention was made and rejected. We are bound by the Supreme Court's summary affirmance. *Hicks v. Miranda*, 422 U.S. 332, 343, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

Winpenny contends that *Sager v. Burgess* is not controlling for three reasons. First, she urges that the authority of the summary affirmance in that case has been brought into question by the subsequent decisions in *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). In this she is plainly wrong. Those cases dealt with state remedies providing for the deprivation of use of debtor property by a pre-hearing seizure. Under the Municipal Claims and Tax Liens Act the filing of the claim does not affect the alleged debtor's use of the property, and no interference with that use can take place until the municipality resorts to a judicial foreclosure. Pa.Stat.Ann. tit. 53, § 7181 *et seq.* The validity of the provision making the claim a lien on the property without any change in possession was determined in *Sager v. Burgess*, which is unimpaired by cases dealing with a different subject matter.

Winpenny also contends that her case presents an issue that was not presented in *Sager v. Burgess*. To free the property from the lien, she may, under Pa.Stat.Ann. tit. 53, § 7184, notify the township that it must within fifteen days commence a judicial foreclosure by issuing a writ of scire facias. She can then file her defense to the claim. Pa.Stat.Ann. tit. 53, § 7185. Her objection to that procedure is that in her interpretation of § 7184 she must either file a bond for security or pay the disputed amount into court. For poor persons such as Winpenny, she urges, this requirement makes the foreclosure scheme vulnerable under *Mitchell v. W. T. Grant Co., supra*, and *North Georgia Finishing, Inc. v. Di-Chem, Inc., supra*. But the district court ruled that the constitutional issue she tendered was not present in the case, since, as the Sewer Authority conceded, no such bond or security is required by § 7184. Winpenny contends that both the district court and the Sewer Authority misconstrue the statute. However she now has a judgment to the effect that no such bond or security is required. Since she prevailed on the absence of that requirement, on statutory rather than constitutional grounds, she cannot appeal from that favorable determination. Counsel for the defendant at oral argument assured this court that his client is perfectly happy to be bound by the judgment on the issue of statutory interpretation.

█ Finally, Winpenny contests the validity of the provision in Pa.Stat.Ann. tit. 53, § 7182 that an owner desiring to sell property while contesting the amount due can obtain early removal of the lien by paying the money into court or by posting security therefor. The district court, finding that Winpenny had no present intention or desire to transfer the property and thus lacked standing to litigate it, declined to consider this issue. We find no error in that ruling. For a person situated as is Winpenny, the operative provision is § 7184, not § 7182. There was no reason for the district court to decide a challenge to a section of the statute in which she had no present interest.

The judgment appealed from will be affirmed.