494 A.2d 1107

**Melvin T. MOORE**

v.

**Bernadette C. SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 6, 1985.

Filed May 17, 1985.

Reargument Denied July 12, 1985.

Petition for Allowance of Appeal Denied Dec. 16, 1985.

Spencer Ervin, Jr., Philadelphia, for appellant.

Abe Lapowsky, Philadelphia, for appellee.

Before ROWLEY, WATKINS and GEISZ,* JJ.

WATKINS, Judge:

On March 2, 1981, the appellee, Melvin T. Moore, purchased 4704 Wayne Avenue, Philadelphia, PA at a Sheriff's Tax Sale in Philadelphia County after judgment had been entered on a tax lien that had been filed by the City of Philadelphia. The Sheriff and Philadelphia County executed a deed on March 9, 1981 which conveyed the property to appellee.

Appellant, Bernadette C. Smith, was the former owner of the property. It is undisputed that the appellant was neither served with nor received notice of the tax lien action

---

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

in which judgment was entered against her and upon which the Sheriff's sale was based. Further, it is undisputed that the claim for registered taxes against the appellant contains no notation or indication that notice of the assessment or lien was given to appellant. It is also conceded that the appellant was never *personally* served with nor received notice of the Writ of Execution upon which the judgment was based.

Appellant continued to occupy the property after the conveyance of the property to the appellee. On June 17, 1982 appellee filed a complaint in ejectment against appellant. On October 12, 1982 appellant filed an Answer and New Matter alleging that the judgment on which the Sheriff's Sale occurred was void in that no notice of the Sheriff's Sale was given to appellant and so the sale was a nullity. Appellee filed a Reply to the New Matter. Subsequently both parties filed Motions for Summary Judgment. On December 22, 1983 the lower court issued an order granting appellee's Motion for Summary Judgment and denying appellant's Cross Motion for Summary Judgment. This appeal followed.

Appellant presents one question on appeal: Is a Sheriff's Sale to enforce a municipal tax lien void when the taxpayer was neither served with nor received notice of either the filing of the tax lien or the Writ of Execution upon which the judgment was based?

Appellant argues that she has been deprived of her property by a Sheriff's Sale without notice or an opportunity to be heard. Appellant contends that the Fourteenth Amendment to the United States Constitution requires personal service of a written notice prior to a Sheriff's Sale and that to the extent 53 P.S. § 7283 provides to the contrary, it cannot be given effect. Appellant accordingly argues that since appellee claims title under a void Sheriff's Sale, his complaint in ejectment should have been dismissed.

Under the Municipal Claims and Tax Liens Act, 53 P.A. § 7101, et seq., real estate taxes imposed by the City are a first lien against a property dating back to the moment the

assessment is made (53 P.S. § 7102). These liens are given the effect of a judgment only after docketing with the prothonotary (53 P.S. 7106(b)).

The Act contains no provision for notifying a property owner or any other interested party prior to the filing of tax lien. As the trial court stated in its opinion this provision of the Act was held to be constitutional citing *Sager v. Burgess*, 350 F.Supp. 1310 (E.D.Pa.1974) and *Winpenny v. Krotow*, 574 F.2d 176 (3rd Cir.1978).

The Court in *Winpenny* had determined that the procedure was proper because there is no deprivation of the use of the debtor property. Therefore, the lack of notice prior to the filing of the tax lien would not serve to void the Sheriff's Sale.

The Act provides that in order for the City to execute on such a lien it must follow the requirements of the Act (53 P.S. 7106(c)). The Act requires that the City petition the Court for leave to expose a tax delinquent property to tax sale. All interested parties of record, including the property owner, must be served in the manner provided in the Act for service of writs scire facias as well as contemporaneous publication. (53 P.A. § 7283(d))

The manner of service of writs of scire facias is found at 53 P.S. § 7186. That Section requires that the property be posted with a copy of the writ in all cases and also that the Sheriff attempt to personally serve "as in the case of a summons, such of those named in the writ, or added thereto, as may be found in the county in which the writ is issued." (53 P.S. 7186(a))

Only when the Sheriff cannot find the owner at his last known address is alternate service made. The Act requires that alternate service is to be by publication of a brief notice of the writ once a week for three successive weeks in one newspaper of general circulation and in the legal periodical. (53 P.S. 7186(c))

It is uncontested that the Sheriff posted the premises after finding it vacant, attempted to serve the property

owner at her last known address and when appellant could not be found, completed service by publishing notice in one newspaper of general circulation and in the legal publication.

It is apparent that the City complied with all of the notice requirements of the Act. Therefore, appellant's defense to the ejectment proceeding, that the sale was void and a nullity must be based upon the alleged unconstitutionality of the Act itself.

Appellant, in her brief, by implication, raises the constitutionality of the notice provision of the Act. However, she neither raised the constitutionality of the notice provision of the Act in the lower court nor did she give notice that she was raising the constitutionality of the Act to the Attorney General as required by Rule 235 of Pa.R.C.Pro. It is a well established principle that the failure to raise the constitutionality of a statute in the lower court causes a waiver of that issue and that issue will not be considered by the Court on appeal. *Feld v. Merriam*, 314 Pa.Superior Ct. 414, 461 A.2d 225 (1983).

Order affirmed.